JOHN M. FOURNIER *vs.* GERMAN AMERICAN INSURANCE COMPANY.

PROVIDENCE—MAY 22, 1901.

PRESENT: Stiness C. J., Tillinghast and Blodgett, JJ.

(1) *Insurance. Waiver. Appraisals. Proofs of Loss.*

A policy in the standard form contained the following provision (Gen. Laws cap. 183, § 5, p. 584): "This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required." Thirty-five days after loss the parties signed an agreement to submit to appraisal, upon which agreement was printed the above provision. The appraisers reported on the following day:

*Held,* that the appraisal and filing of proofs of loss were two separate and distinct matters, and that the company, by submitting to the appraisal, did not waive the filing of the proofs of loss.

ASSUMPSIT on a policy of fire insurance. The facts are fully stated in the opinion. Heard on agreed statement of facts, jury trial waived. Judgment for defendant.

BLODGETT, J. By the agreed statement of facts it appears

that the defendant company issued to one Alphonse Deslauriers a certain policy of insurance for $1,250, for one year from the fourth day of June, 1897, at noon, to the fourth day of June, 1898, on the premises therein described; that thereafterwards said policy was assigned by said Deslauriers to John M. Fournier, the plaintiff in this suit, which said assignment was assented to by the agent of the defendant company, on March 25th, 1898; that on the 16th day of May, 1898, a fire occurred on the premises, and that no proofs of loss by such fire were ever filed.

(1)     The plaintiff and defendant, however, on the 20th day of June, 1898, signed an agreement to submit to an appraisal of the damage caused by said fire, said appraisal to be made in full compliance with, and according to, the printed conditions of the policy of the said insurance company, and on the following day the appraisers reported what they had found the damage to be.

The plaintiff claims that this submission to appraisal waives the filing of proofs of loss, and that he is, therefore, entitled to recover under the policy. The defendant, on the contrary, claims that the submission to appraisal in no way waives the filing of proofs of loss, and that the plaintiff is not entitled to recover, by reason of his failure to comply with the terms and conditions of the policy.

The submission to appraisal was made thirty-five days after the fire occurred. Under the terms of the policy the proofs of loss could be filed at any time within sixty days after the fire. It will, therefore, be seen that at the time of the submission to appraisal the plaintiff still had twenty-five days in which to file proofs of loss, and the defendant, at the time of submission to appraisal, had no reason to suppose that the plaintiff would fail to file the proofs within the allotted time.

And there is no claim by the plaintiff that any act on the part of the defendant, except the agreement to submit to an appraisal, caused him to neglect to file the required proofs of loss.

The policy, moreover, specifically provides (line 92) that

" This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proofs of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The agreement to submit to appraisal is in writing, a copy of which is attached to and made part of the agreed statement of facts, and upon the submission to appraisal, which is signed by both plaintiff and defendant in this case, is printed the above specified provision of the policy.

The filing of " proofs of loss," so-called, is a perfectly reasonable condition, in order to protect the company from fraud, and covers a great deal more than stating that the loss has occurred and giving the value of the property destroyed.    It embraces, among other things, a statement of any changes in the title, use, occupation, location, possession, or exposures of the property since the issuing of the policy; it specifies by whom, and for what purpose, the building described in the policy, and each part thereof, was occupied at the time of the fire (see policy, line 74, *et seq.*); and it must also set forth the knowledge and belief of the insured as to the time and origin of the fire; and unless a sworn statement as to these things were furnished by the assured, it would be a comparatively easy matter to defraud the insurance company.

The appraisal does not cover, and never was intended to cover, the same ground.    The appraisers ascertain the amount of damage done, but have nothing to do with deciding whether or not there is liability.    The proofs of loss are for the purpose of determining if there is any liability; and if it is found that liability exists, then the value of the property destroyed, as determined by the appraisers, is taken as a basis of settlement.

The filing of proofs of loss and the agreement to submit to an appraisal are two separate and distinct provisions of

the policy, and cover two separate and distinct fields of inquiry.. It cannot be said that any reasonable person would be misled into thinking that by complying with one of these provisions he was excused from complying with the other.

Moreover, it is to be especially noted that the form of the policy under discussion is the standard form for Rhode Island, that all its terms and conditions, and the wording thereof, are prescribed by statute, and the language concerning waivers is as follows (Gen. Laws R. I. cap. 183, § 5, 584):

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required."

In this case nothing whatever has been done to mislead the plaintiff; the appraisal and filing of proofs of loss, as above stated, are entirely *separate* and *distinct* matters. The proofs of loss must be submitted, not to show the value of the property (which is evidently the object in some of the decided cases), but so that it can be ascertained whether there is any liability on the part of the insurer. It is eminently wise that property should be appraised as speedily as possible after loss, in order that a settlement may be expedited, if it should be decided, after the filing of proofs of loss, that the insurance company is liable. In this case the company submitted to appraisal twenty-five days before the time for filing proofs had expired, and then waited in silence for the insured to file his proofs within the specified time.

We are of opinion that this case is governed by the case of *Whipple* v. *North British Mercantile Ins. Co.*, 11 R. I. 139, decided in 1875, in which Durfee, C. J., says: "Ordinarily, without doubt, an adjustment of loss is equivalent to a promise to pay the loss so determined; for ordinarily an adjustment implies a liability for the loss and consequent

promise to pay it. But an adjustment does not necessarily imply liability, and accordingly it may be made under a reservation of the question of liability. This appears to have been done in the case at bar. The adjustment was made subject to the terms and conditions of the policy; and by the terms of the policy the company is relieved from liability in case certain conditions or stipulations are not fulfilled by the insured. The adjustment, in view of the qualifying words, means simply that the company will pay the loss as fixed under the terms and conditions of the policy, if under them the plaintiff is entitled to payment." See, also, *Gibson Electric Co.* v. *Liverpool and London and Globe Ins. Co.*, 159 N. Y. 418, and *Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 565.

*Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488, cited by the plaintiff, is not applicable to the case at bar. Says Follett, C. J., page 496 : "More than seventy days after the fire the parties entered into a contract, in writing, to submit the question of the amount of the loss to appraisement; which was a waiver of the provision of the policy that proofs of loss must be furnished within sixty days. . . . In addition the plaintiff and his wife testified without objection that when the general agent and appraiser of the defendant called to settle the loss and executed the appraisal agreement, he said that proofs of loss need not be furnished, as the damages would be soon appraised and settled. . . . Under such circumstances the question whether the defendant had waived the presentation of proofs of loss was properly submitted to the jury as a question of fact."

Judgment for the defendant for costs.

*Edward D. Bassett*, for plaintiff.

*J. M. Ripley and John Henshaw*, for defendant.