PECK v. NATIONAL LIBERTY INSURANCE CO.

INSURANCE—ACTION BARRED WHERE PROOF OF LOSS NOT FURNISHED WITHIN SIXTY DAYS.

An action on a standard fire insurance policy is barred under Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [1-334]), where proof of loss was not furnished the insurer within 60 days after the fire, in the absence of proof of waiver or extension of time.

Error to Bay; Houghton (Samuel G:), J. Submitted June 5, 1923. (Docket No. 17.) Decided October 1, 1923.

Assumpsit by William H. Peck against the National Liberty Insurance Company of America on a policy of insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Henry C. Walters* (*Arthur P. Hicks* and *Arthur O. Carmichael*, of counsel), for appellant.

*Coumans & Gaffney*, for appellee.

WIEST, C. J. This is an action on a standard fire insurance policy, covering a dwelling house and garage, and issued June 11, 1918. Loss occurred June 8, 1921. Proof of loss was rendered the company August 22, 1921. Defendant, under plea of the general issue, gave notice of breach of condition of the policy by transfer of the insured property without its consent, and also a bar to the action because of failure to render proof of loss within 60 days after the fire. Plaintiff had judgment. Review here by writ of error. Proof of loss was not rendered within 60

On forfeiture by failure to furnish proofs of loss within a stipulated time, see note in 18 L. R. A. 85.

days after the fire, and no waiver or extension of time appears.

Exercising power in the premises, the legislature, by Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [1-334]), prescribed the form of policy for fire insurance in this State. This law exacts the following agreement between the insurer and the insured:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the stipulations and conditions printed on the back hereof, which are hereby made a part of this policy."   *   *   *

The law also places the following requirement in the policy:

"The insured shall, within sixty days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following;"   *   *   *

Compliance with this requirement is made a condition precedent to liability of the insurer; the law making the parties agree that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the liability shall have accrued."

Here we find in the law, and the policy of insurance in accord therewith, a bar to recovery, if proof of loss is not rendered the insurer within 60 days after the fire, and a limitation of time within which to commence suit after liability shall have accrued. The question presented by failure of proof of loss within the period fixed by the policy under the statute falls within the decision of this court in *Gould* v. *Insurance Co.*, 90 Mich. 302, and is not governed by *Steele* v.

*Insurance Co.,* 93 Mich. 81 (18 L. R. A. 85).   In the *Steele Case* the policy restrained suit *until* proof of loss was rendered.   In the *Gould Case* the policy barred action *unless* proof of loss was rendered within 30 days after loss or damage by fire.

The legislature in employing the word "unless" did so advisedly, evidently having in mind the holding in the *Gould Case,* and the policy in suit, but following the law on the subject, does not admit of construction against the insurer.

Act No. 264, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9100 [254]), has no bearing upon the question of time within which to make proof of loss and the consequence of failure to do so within the time limited. The statute, and the policy in conformity therewith, and plaintiff's failure to render proof of loss within 60 days after the fire, constitute a bar to this suit. It is, therefore, not necessary to decide the point arising out of alleged transfer of title without consent of the insurer.

The judgment is reversed, with costs to defendant, and a new trial granted.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.