KLINGLER and another, Respondents, vs. MILWAUKEE ME-CHANICS INSURANCE COMPANY, Appellant.

*April 7—May 3, 1927.*

*Insurance: Failure of agent to affix vacancy permit: Estoppel: Duty of insured to present policy for indorsement: Policy accessible to agent: Failure of insured to present proofs within sixty days: Effect on recovery.*

1. An insurance company which had recognized the power of a local agent to change the terms of a policy by adding a mortgage clause, increasing the coverage, and consenting to additional insurance, is estopped to set up the defense that the premises were vacant more than ten days before a fire without a permit, where the agent, within the time fixed by the policy, promised the insured to attach a vacancy permit but failed to do so. p. 74.

2. The fact that the agent was mistaken as to the terms of the policy did not relieve the company from liability, where the insured within the time fixed applied to the agent for a vacancy permit and received the agent's assurance that the permit would be given. p. 75.

3. Where the policy was in a safety-deposit box of one who was frequently in the bank, of which the agent was cashier, the insured, on requesting the attaching to the policy of a vacancy permit, was under no duty to present the policy to the agent, the policy being accessible to him. p. 75.

4. The violation of a requirement in an insurance policy that proofs of loss be furnished within a specified time does not cause a forfeiture for failure to comply therewith, in the absence of an express stipulation for forfeiture, and at the most only affects the maturity of the claim. p. 75.

5. The failure to file proofs of loss within sixty days, as required by the terms of the standard fire policy, does not forfeit the

right of the insured to recover in case of loss, notwithstanding a provision that no action should be sustainable thereon unless all the requirements of the policy had been complied with, such provision not indicating an intention to forfeit all rights under the policy if all its requirements were not complied with. p. 76.

6. Forfeitures are not favored, and will be held not to have been intended in the absence of language clearly indicating the contrary. p. 76.

APPEAL from a judgment of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Affirmed.*

*Henry Klingler* brought suit against the *Milwaukee Mechanics Insurance Company* upon a policy of fire insurance. From a judgment for the plaintiff the defendant insurance company appealed.

The *Milwaukee Mechanics Insurance Company* issued a policy of fire insurance to *Henry Klingler* through its local agent, Winchester, who solicited the insurance, delivered the policy, and collected the premium. The property became vacant. Within a week after the vacancy occurred the insured notified the agent, Winchester, of such vacancy and asked him for a vacancy permit. The agent told the insured that he would attend to it. The fire occurred before the vacancy permit was attached to the policy. Proofs of loss were not filed for more than sixty days after the fire occurred.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

For the respondents there was a brief by *Kennedy & Yates* of Amery, attorneys, and *Chas. A. Taylor* of Barron, of counsel, and oral argument by *Mr. Taylor.*

STEVENS, J. The contention of the insurance company is that it is not liable under the policy because:

(1) The premises were vacant more than ten days before the fire without the vacancy permit.

(2) Proofs of loss were not made until more than sixty days after the fire.

(1) The insured did what the great majority of men who have policies of insurance do when they desire a vacancy permit. He went to the agent who had represented the company in all matters respecting this policy and requested that such permit be issued. He was assured by the agent that he would attend to the matter. He relied upon such assurance and his property was destroyed while vacant before such permit was issued. The issue presented is whether the company is now estopped by the conduct of its agent to raise this defense.

The agent who solicited the policy was not one whose connection with the contract ceased when he delivered the policy and collected the premium. With the knowledge and consent of the company he continued to represent the company with reference to this particular insurance contract down to the year of the fire. The agent added a mortgage clause to the policy. He indorsed the consent of the company to additional insurance placed with another company. He added an indorsement increasing the coverage of this particular policy. Under such circumstances the rights of the insuring public will rest upon a very precarious basis if it does not have a right to rely upon the assurance of the local agent when acting within the scope of the authority which he has exercised in the past with reference to the very contract of insurance which is in question, especially when, as here, the company has known of and has sanctioned the exercise of such power upon the part of the agent.

Having in the past recognized the power of the local agent to change the terms of the policy by attaching riders thereto, the company is now estopped to set up the defense that the agent failed to attach the vacancy permit as he had expressly agreed to do. *Spohn v. National Fire Ins. Co.* 190 Wis. 446, 456, 209 N. W. 725, 728.

The insured was charged with knowledge of the provisions of his policy. But within the time fixed by his policy he applied to the agent who had represented the company in all the dealings that it had with the company with reference to this policy and secured his assurance that the vacancy permit would be issued. Nothing remained to fully protect the interests of the insured except for the agent to issue the permit as he had agreed to do. This fact distinguishes this case from *Stillman v. North River Ins. Co.* 192 Wis. 204, 212 N. W. 67, where the insured never communicated to the agent the facts which must be known to him before he could attach the company's consent that the coverage of the policy apply to a new location.

The fact that the agent was mistaken as to the terms of the policy does not relieve the company from liability, where the insured within the time fixed by the policy went to the agent and had his assurance that the permit would be given. The policy was in a safety-deposit box in the bank of which the agent, Winchester, was cashier. Where one who rents a safety-deposit box is frequently in the bank, the policy is accessible to an agent who is an officer of the bank renting the safety-deposit box. *Manchester v. Guardian Assur. Co.* 151 N. Y. 88, 91, 45 N. E. 381. It was therefore not the duty of the assured to present the policy for the indorsement of the vacancy permit.

(2) "A requirement in a policy of insurance as regards furnishing the proofs of loss within a specified time, not coupled with any provision making failure to comply therewith a cause of forfeiture, at the most only affects the maturity of the claim. . . . That was the doctrine of this court when the standard policy law was framed, and in harmony therewith no forfeiture clause was incorporated therein in connection with the requirement for proofs of loss." *Welch v. Fire Asso.* 120 Wis. 456, 469, 470, 98 N. W. 227.

Klingler v. Milwaukee Mechanics Ins. Co. 193 Wis. 72.

The only question presented upon this second branch of the case is whether the addition of the lines 192 to 196, inclusive, of the standard policy, after the decision in the *Welch Case,* has changed the well established rule so as to make the failure to file proofs of loss within sixty days after the fire a ground for the forfeiture of all rights of the insured under the policy. The provision added is: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the fire." It will be noted that this provision is not added to the portion of the standard policy which deals with proofs of loss. This amendment does not expressly refer to proofs of loss.

"The fundamental principle involved is that forfeitures are not favored and will be held not to have been intended in the absence of language clearly indicating the contrary. That applies as well to a law as to a contract." *Welch v. Fire Asso.* 120 Wis. 456, 470, 98 N. W. 227. There is nothing in this amendment which clearly indicates the intention to forfeit all rights under a policy of insurance if proofs of loss are not filed within sixty days after the fire. The court therefore holds that this amendment had not changed the long established rule that the failure to file proofs of loss within the sixty days does not forfeit the policy, but at most only affects the maturity of the claim.

There has been no change in the phraseology of this provision of the standard policy since its enactment which evidences a legislative intent to make the failure to file proofs of loss work a forfeiture of the policy, as was the case with a similar provision of the Michigan standard policy law which was considered in *Peck v. National Liberty Ins. Co.* 224 Mich. 385, 386, 194 N. W. 973, 974.

*By the Court.*—Judgment affirmed.