295 A.2d 693.
EDWARD T. DONAHUE, JR. *et al.* vs. HARTFORD FIRE INSURANCE COMPANY.

OCTOBER 16, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action in which the plaintiffs, as the named insureds in a homeowners policy issued by the defendant, seek to be indemnified for property damage, allegedly caused by the negligence of a third person.[1]

_____

[1]Neither the circumstances of the negligence alleged, nor the question of whether such negligence was covered by the policy, is material to the appeal. Consequently, it would serve no useful purpose to recite the one nor discuss the other.

The case was tried to a Superior Court justice, sitting with a jury, and resulted in the trial justice granting defendant's motion for a directed verdict. It is before us on plaintiffs' appeal from the judgment accordingly entered.

The directed verdict was based on the insureds' failure to comply with two conditions found in the policy. They are that the insureds shall supply the insurer with a sworn proof of loss within 60 days after a loss has been sustained and that suit shall be commenced within 12 months after the inception of the loss. We need consider only the second of these conditions.

The insureds seek the benefit of our holding in *Pickering* v. *American Employers Ins. Co.*, 109 R. I. 143, 282 A.2d 584 (1971),[2] where we said that an insurer could not rely on any of the so-called notice provisions of its policy unless it could demonstrate that it had been prejudiced by the lack of notice. The insureds urge us to extend the rule in *Pickering* and require a showing by the insurer of prejudice before it can invoke the one-year contractual limitation on their right to sue. Even assuming that the insureds can rely on the prejudice requirement set forth in *Pickering*, we will not extend it to situations where the insureds have failed to commence suit within the time specified in the policy.

The requirement in *Pickering* that an insurer show prejudice before it can rely on noncompliance with the notice provisions was prompted by an expressed recognition that today's insurance contract is furnished to an insured on a take-it-or-leave-it basis. Moreover, there is an implicit realization on our part that in this day and age attempts to comply with notice provisions are sometimes carried on in a very informal way which frequently consists of no

[2]*Pickering* had not been published at the time the parties were in the Superior Court.

more than a telephone call by an insured to the seller of the policy who then, because of his desire to serve his customer, takes over from there. We never intended by our holding in *Pickering* to permit an insured, once he has purchased his policy, to file it away and forget it, and then defend his neglect to commence suit within the stipulated period on the ground that the insurer was not prejudiced thereby.

A contractual limitation found in an insurance policy which prescribes a shorter time for the bringing of suit than the applicable statute of limitations, has been upheld if the interval between the loss and the mandatory institution of litigation is reasonable. 18 Couch, *Insurance* §75.72 (2d ed. 1968); 20 Appleman, *Insurance* §11601 (1963); 6 A.L.R.3d 1197. The reasonableness of the policy's contractual limitation of action is usually determined by looking at the prescribed time interval to see if it affords the insured an adequate opportunity to investigate his claim so that he can prepare for any controversy which might arise between him and his insurer. *Order of United Commercial Travelers* v. *Denman,* 221 F.2d 703 (6th Cir. 1955). In *Brown* v. *Roger Williams Ins. Co.,* 5 R. I. 394 (1858), a stipulation requiring suit on a fire insurance policy to be brought within one year of the loss was found to be reasonable. The rule in *Brown* applies to the case at bar. The insureds' failure to comply with the one-year period contained in the policy in issue here bars this suit.

The plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.

*Robinson & Mascia, Michael A. Higgins,* for plaintiffs.

*Carroll, Kelly & Murphy, C. Russell Bengtson,* for defendant.