410 A.2d 116.

RACHAEL SIRAVO *vs.* GREAT AMERICAN INSURANCE CO. *et al.*

JANUARY 10, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   The United States Court of Appeals for the First Circuit, acting pursuant to Sup. Ct. R. 6, has certi-

fied to us the following question of law:

> "Does an insured's late filing of the sworn proof of loss, which under the standard form of fire insurance policy, R.I. Gen.Laws §27-5-3, he is supposed to render within sixty (60) days after the loss, bar the insured's recovery under the policy in the absence of the company's proving prejudice stemming from the insured's failure to comply with the time limits contained in said proof of loss provision?"

The plaintiff sought recovery in the District Court from the defendant insurance companies under the terms of two fire insurance policies[1] covering her home, which was completely destroyed by fire. The insurers advanced three defenses for avoidance of the claim: arson traceable to the plaintiff, the plaintiff's misrepresentation of the extent of loss, and the plaintiff's failure to file a sworn proof of loss on time.[2] The jury rendered a general verdict for the defendants, and the

---

[1] The policies were issued in conformance with the form of policy prescribed in G.L. 1956 (1968 Reenactment) §27-5-3, as required by §27-5-2.

[2] Policy provisions concerning notice of loss and filing of proofs of loss are as follows:

> "The insured shall give immediate written notice to this company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; *and within sixty (60) days after the loss, unless such time is extended in writing by this company, the insured shall render to this company a proof of loss,* signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, *location, possession or exposures of said property since the issuing of this policy,* by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged." (Emphasis in original.)

plaintiff appealed, alleging error in the court's jury instructions and in the admission of evidence.

Upon finding that the remainder of plaintiff's allegations of error lacked merit, the Court of Appeals held that the answer to the question certified was determinative of the cause pending before it. After reviewing the opinions of this court cited by the parties, the Court of Appeals was unsure of how we would rule on the question. It therefore abstained from deciding this question of state law and invoked the certification procedure provided by Sup. Ct. R. 6.

The plaintiff relies on *Pickering v. American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971) to argue that her failure to file the proof of loss within sixty days should not bar recovery unless defendants are able to demonstrate that they were thereby prejudiced. In *Pickering*, the plaintiff sought recovery on her automobile liability insurance policy for injuries caused by an uninsured motorist. Among the defenses raised by the insurer was the plaintiff's failure to comply with three provisions included in the policy. Those provisions declared that the giving of notice of a loss and the filing of a sworn written proof of claim should be done "as soon as practicable," while copies of legal process served in the uninsured motorist's suit were to be forwarded to the insurer "immediately." *Id.* at 157-58, 282 A.2d at 592.

In *Pickering*, we defined the term "notice" to include such items as the furnishing of a proof of claim and a copy of the summons and complaint. We then held that an insurer could not rely on any of the so-called "notice" provisions of its policy unless it could demonstrate that it had been prejudiced by the lack of notice.[3] *Id.* at 160, 282 A.2d at 593; *Donahue v.*

---

[3]In so doing, we overruled this court's holding in 1917 that whether an insurer was not prejudiced by the insured's neglect to give the notice required in the policy was wholly immaterial. *Sherwood Ice Co. v. U.S. Casualty Co.*, 40 R.I. 268, 100 A. 572 (1917). The holding in the older case was based on the view that parties to insurance policies were free to include or exclude any legal conditions they thought necessary and proper. This assumption is no longer consonant with modern realities. *Pickering v. American Employers Ins. Co.*, 109 R.I. 143, 159, 282 A.2d 584, 593 (1971).

*Hartford Fire Insurance Co.*, 110 R.I. 603, 604, 295 A.2d 693, 693 (1972). We based our holding on the express recognition that an insurance policy is not a true consensual arrangement but one that is usually described as a contract of adhesion, available to the premium-paying customer on a take-it-or-leave-it basis.

Initially, defendants direct our attention to an opinion of the United States District Court of Rhode Island, *W. & H. Jewelry Co.* v. *Aetna Casualty & Surety Co.*, 141 F. Supp. 296 (D.R.I. 1956). The plaintiff had sought recovery on a policy insuring against losses caused by water damage. The policy contained provisions identical to plaintiff's standard-form fire insurance policy in regard to notice and proof of loss and maintenance of suit on the policy. The insured had failed to comply with the notice and proof-of-loss requirements. Relying on our earlier decision in *Sherwood Ice Co.* v. *U.S. Casualty Co.*, 40 R.I. 268, 100 A. 572 (1917), the court ruled that the insurer, to avoid the claim, need not show prejudice caused by the delays in notice and filing. Subsequently, however, we rejected that part of the holding of *Sherwood Ice Co.* in *Pickering.* The District Court's ruling on this issue therefore loses its persuasive force.

Having determined the *W. & H. Jewelry Co.* is no longer apposite, we consider the parties' arguments relating to the applicability of the *Pickering* rule to noncompliance with the proof-of-loss provision in a standard-form fire insurance policy. The defendants point first to the distinction between a proof-of-loss requirement in a fire insurance policy and the proof-of-claim and notice-of-loss requirements in an automobile policy. They contend that the distinction weighs against extending *Pickering* to the proof-of-loss provision. Basically, they claim the provisions serve different purposes, especially in the context of comparing automobile insurance with fire insurance. On the other hand, plaintiff appears to argue that a proof of claim is functionally equivalent to a proof of loss; thus noncompliance therewith is a technical breach, as in *Pickering,* requiring the insurer to show prejudice to bar recovery.

Although both notice and proof-of-loss provisions serve a broad common purpose of informing an insurer of the loss for which a claim is made, the two are distinct. 14 Couch, *Insurance* 2d §49:391 at 23 (1965); 5A Appleman, *Insurance Law and Practice* §3481 at 428 (1970). The sole purpose of a notice-of-loss provision is to afford the insurer a *seasonable* opportunity for investigation to protect its interests. 13 Couch, *Insurance* 2d §49:38 at 659 (1915); 5A Appleman, *Insurance Law and Practice* §3481 at 428. The purpose of a proof of loss, on the other hand, is to afford the insurer an *adequate* opportunity to protect its interests by facilitating its investigation. 14 Couch, *Insurance* 2d §49:373 at 15 (1965); 5A Appleman, *Insurance Law and Practice* §3481 at 428 (1970).

We believe, however, that the distinction does not warrant a refusal to extend *Pickering* to proof-of-loss provisions. *Pickering* required that an automobile insurer show prejudice resulting from an untimely notice of loss. Such prejudice would result from an insurer's inability to conduct any investigation until the time that the notice of loss is provided. Without notice of loss, an insurer can conduct no investigation at all.[4] In contrast, an insured's untimely compliance with a proof-of-loss provision may adversely affect the adequacy, but not the existence, of an insurer's opportunity to investigate a claim. The Supreme Court of Wisconsin has noted, "There is no great hurry there [to furnish a proof of loss], such as there is when loss occurs, and the insurer must be notified so that it may proceed * * *." *Britz* v. *American Insurance Co. of Newark, N.J.*, 2 Wis. 2d 192, 202, 86 N.W.2d 18, 23 (1957). We therefore conclude that logic and reason impel a showing of prejudice, even more forcefully, before a declaration of forfeiture may be based upon an insured's untimely compliance with a proof-of-loss provision. For this purpose, we analogize a proof-of-loss provision to the so-called group of "notice" provisions at issue in *Pickering*.

---

[4] The defendant insurers admit that they received notice of the loss from their agent immediately and "notice," as such, was never an issue in this case at trial.

Notwithstanding this determination, defendants have argued that we should not extend to fire insurance policies a rule applied previously to automobile insurance. They assert that the proof-of-loss requirement signifies the Legislature's concern with fraudulent claims resulting from "arson for profit." While we grant that a proof of claim is required, in part, to protect an insurer against fraud, *Fournier* v. *German-American Insurance Co.*, 23 R.I. 36, 49 A. 98 (1901), we do not believe that application of the *Pickering* rule will substantially impair the provision's utility for determining the nature of a fire's origin. Nor do we consider a proof-of-loss provision to be a significant bulwark of the legislative effort to detect and prevent arson. More relevant to the determination of the origin of a fire is §23-28.2-11 which in part directs that:

> "The state fire marshall * * * shall investigate the cause, origin and circumstances of every fire of suspicious origin, by which property has been damaged or destroyed * * *. Such investigation shall begin immediately after the occurrence of such fire and local government officials shall cooperate completely and assist the state fire marshall's office in all phases of any such investigation."

In their next argument, defendants note that the provisions of a fire insurance policy, unlike the provisions of the automobile policy at issue in *Pickering*, are prescribed by statute, G.L. 1956 (1968 Reenactment) §27-5-3, and were required by §27-5-2 to be included in all fire insurance policies covering property located in this state.[5] The defendants raise two arguments based on this distinction.

---

[5] Recently, G.L. 1956 (1968 Reenactment) §27-5-2, as amended by P.L. 1979, ch. 48, sec. 1, allows an exception to this requirement. The accompanying section, P.L. 1979, ch. 48, sec. 2 (§27-5-9.1) now permits the issuance of simplified comprehensive insurance policies with the approval of the director of business regulation notwithstanding §27-5-3, "*provided that such policies contain provisions assuring the policyholders and claimants protection not less favorable than they would be entitled to under Section 27-5-3 * * *.*" (Emphasis in original). The amendments have no application to this case, for the policy was issued long before their enactment and effect.

The insurers point to our recent decision in *AAA Pool Service & Supply, Inc.* v. *Aetna Casualty & Surety Co.*, 121 R.I. 96, 395 A.2d 724 (1978). We there stated that the standard-form fire insurance policy, issued pursuant to §27-5-2 and §27-5-3, is not a contract of adhesion. *Id.* at 726.[6] We made this assertion while rejecting the contention that an insurer's bad-faith refusal to settle a claim arising under a standard-form fire insurance policy constitutes a breach of an implied contractual duty to act in good faith and gives rise to an independent tort action. In light of a portion of the rationale expressed for our holding in *Pickering*, defendants question its applicability to a policy not characterized as a contract of adhesion.

The plaintiff directs us to *Donahue* v. *Hartford Fire Insurance Co.*, 110 R.I. 603, 295 A.2d 693 (1972), decided about a year after *Pickering*. While reiterating the adhesion contract rationale that prompted adoption of the *Pickering* rule, we recognized an additional basis for the rule. It was

> "an implicit realization on our part that in this day and age attempts to comply with notice provisions are sometimes carried on in a very informal way which frequently consists of no more than a telephone call by an insured to the seller of the policy who then, because of his desire to serve his customer, takes over from there." *Id.* at 604-05, 295 A.2d at 694.

We believe this implicit realization that underlies the *Pickering* rule is sufficient to warrant application of the rule to the standard-form fire insurance policy, notwithstanding our determination in *AAA Pool Service & Supply, Inc.* The fact that such policies are statutorily prescribed would seem

---

[6]After we decided *AAA Pool Service & Supply, Inc.* v. *Aetna Casualty & Surety Co.*, 121 R.I. 96, 395 A.2d 724 (1978), the Legislature enacted §27-5-9.1, of which we took note in footnote 5. This statute allows a carrier to offer more favorable provisions than are contained in the standard-form fire insurance policy. Therefore, after enactment of §27-5-9.1 it is correct to say that the insurer offers its policy on a take-it-or-leave-it basis. *Cooper* v. *Government Employees Insurance Co.*, 51 N.J. 86, 94 n.2, 237 A.2d 870, 874 n.2 (1968). Whether this change would require a recharacterization of fire insurance policies, we need not here decide.

immaterial to the informal manner in which attempts to comply with "notice" provisions are conducted. Certainly the average lay person is less likely without professional assistance from his insurance company or otherwise, to satisfy the relatively sophisticated requirements of a proof of loss than to carry out the notice provisions at issue in *Pickering.*

Finally, defendants argue §27-5-3 mandates that an insured's failure to file a proof of loss within sixty days of loss bars recovery. Relying on the fact that the policy provisions were prescribed statutorily, defendants argue that application of the *Pickering* rule is tantamount to redrafting a clear and unambiguous statutory requirement. To the contrary, plaintiff argues that the Legislature did not intend to create a forfeiture if an insured failed to comply strictly with the proof-of-loss provision. Thus, plaintiff does not ask us, as did the plaintiff in *AAA Pool Service & Supply, Inc.* to insert within the prescribed fire insurance policy a provision or term expanding the liability of such an insurer. Our task here is one of statutory construction.

When construing a standard-form fire insurance policy, we are guided by the construction of such policies which other jurisdictions have adopted. *Greater Providence Trust Company* v. *Nationwide Mutual Fire Insurance Co.,* 116 R.I. 268, 355 A.2d 718 (1976). Courts construing provisions substantially identical to those here in issue, however, have perceived different meanings. Some courts have construed the language so that, in effect, an insured's late filing of a proof of loss results in forfeiture of the claim.[7] *See, e.g., Zengerle* v. *The Commonwealth Insurance Co. of New York,* 63 N.M. 454, 321 P.2d 636 (1958); *Zibelin* v. *Pawtucket Mutual Fire Insurance Co.,* 229 N.C. 567, 50 S.E.2d 290

---

[7]Counsel for defendants directs our attention to several other cases he claims exemplify the overwhelming authority in support of this view. *E.g., McKay* v. *American Central Insurance Co.,* 245 S.W.2d 529 (Tex. Civ. App. 1952); *Shouse* v. *Indiana Lumbermens Mutual Insurance Co.,* 254 F. Supp. 989 (S.D. Ohio 1964). These cases, however, involve suits on policies where a proof of loss was *never* filed. This is quite a different situation than a *late* filing, which is the issue before us.

(1948). Other courts, instead of discerning an intent to create a forfeiture, have held that an insured's failure to submit a timely proof of loss, in effect, merely postpones the maturity of the claim. *See, e.g., Maynard* v. *National Fire Insurance Co. of Hartford,* 147 W. Va. 539, 129 S.E.2d 443 (1963); *Klingler* v. *Milwaukee Mechanics Insurance Co.,* 193 Wis. 72, 213 N.W. 669 (1927), *cited* with approval in *RTE Corporation* v. *Maryland Casualty Co.,* 74 Wis. 2d 614, 632, 247 N.W.2d 171, 180 (1976).

We adhere to the rule that where the law prescribes a forfeiture by a clear and explicit directive, the court cannot say there shall be none. *Housing Authority of Newport* v. *Massey,* 114 R.I. 492, 496, 335 A.2d 914, 916 (1975); *Rainey* v. *Quigley,* 180 Or. 554, 559, 178 P.2d 148, 150 (1947). After reviewing the standard-form fire insurance policy, we find no clear and explicit legislative declaration that an insured's failure to submit a timely proof-of-loss statement results in a forfeiture of an insured's right to recover. *Maynard* v. *National Fire Insurance Co. of Hartford, supra; Klingler* v. *Milwaukee Mechanics Insurance Co., supra.*

The defendants have argued that the proof-of-loss provision, read in conjunction with the clause regarding maintenance of suit, works such a forfeiture. We disagree; we do not read these provisions as an explicit and clear mandate of forfeiture, as contemplated in *Housing Authority of Newport, supra.* The provision governing suit is not contained in the portion of the standard policy which deals with proofs of loss. We contrast this language with the specific forfeiture provision pertaining to willful misrepresentations or omissions by the insured.[8] Nor is there anything in the provi-

---

[8]That provision in §27-5-3 states that:

"This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured thereto."

sions governing suit that clearly indicates a legislative intention that a claim be forfeited if proofs of loss are not filed within sixty days after the fire. This factor distinguishes this case from our ruling in *Donahue* v. *Hartford Fire Insurance Co., supra.* The provision then at issue in the standard-form fire insurance policy requiring that suit be brought within one year of the loss was clear and explicit. For these reasons we do not find that our Legislature has mandated a forfeiture when an insured has not strictly complied with the sixty-day proof-of-loss provision.

We conclude the Legislature intended the sixty-day proof-of-loss requirement to be directory, rather than mandatory, in its effect. We believe the Legislature intended a result that corresponds to the sentiments we expressed in *Donahue* v. *Associated Indemnity Corp.*, 101 R.I. 741, 748, 227 A.2d 187, 191 (1967), quoting *Boughton* v. *Farmers Insurance Exchange*, 354 P.2d 1085, 1089 (Okla. 1960):

> "The primary and essential part of the contract was insurance coverage, not the procedure for determining liability."

This construction is consistent with our belief in *Pickering* that a technical breach of the "notice" provisions in an insurance policy should not necessarily prevent an insured from recovering the benefits for which he has paid. *Pickering* v. *American Employers Insurance Co.*, 109 R.I. at 160, 282 A.2d at 593. Otherwise we should be required to hold that the giving of notice of loss by telephone under a statutory fire policy would also at the option of the company defeat recovery whether or not prejudice resulted. We therefore apply the *Pickering* rule and hold that an insurer cannot rely on an insured's failure to submit a timely proof of loss under the standard form of fire insurance policy in order to defeat recovery unless the insurer can demonstrate that it has been prejudiced by the late filing.

We thus answer the question certified to us in the negative.

*Hodosh, Spinella & Angelone, Thomas C. Angelone,*

548

*Steven I. Rosenbaum,* for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Raymond A. LaFazia,* for defendants.