[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Personnel Appeal Board of the Rhode Island Division of Personnel Administration dated November 8, 1990. Jurisdiction in this Superior Court is pursuant to § 42-35-15 R.I.G.L., 1956, as amended.
The appeal was assigned for decision on March 20, 1992 following submission of legal memoranda by counsel. Thereafter, oral argument was requested and heard on August 14, 1992. Decision is now made and entered.
I
CASE TRAVEL-FACTS
The plaintiff, Anthony C. Caccia, hereinafter referred to as the plaintiff, was an employee of the State Department of Transportation, (Department) having commenced employment therein in August, 1950. In May, 1971 plaintiff was classified as a Senior Civil Engineer. At that time, the position of Chief, Bridge Construction Unit became vacant by retirement of the then Chief, who at the time of his retirement was classified as a Supervising Civil Engineer. The plaintiff although only a Senior Civil Engineer, was assigned by the then Director of Transportation to assume and perform the duties of the Chief, Bridge Construction Unit, on May 24, 1971. Plaintiff, in his role as Chief of the Bridge Construction Unit continued to receive the salary range for his Senior Civil Engineer grade, and not the salary range of a Supervising Civil Engineer, which was the grade held by the retired Chief, who the plaintiff had replaced.
Less than one year later, on May 18, 1972, the position of Supervising Civil Engineer, Construction Section, was transferred and assigned into what was then called the Materials Section within the Department. As part of that administrative change, another Department engineer, other than the plaintiff, was appointed to replace the retired chief of the Bridge Construction Unit, whose duties plaintiff had been performing. That new appointee, however, did not actually replace the plaintiff, but instead, in the administrative reorganization, assumed the position of Supervising Civil Engineer in the Materials Section of the Department. As a result, plaintiff continued to perform the duties that he had been assigned to in 1971, and he did so, until August 17, 1975, at which time he was given the title of Principal Civil Engineer, a new position within the Department, which carried a two step pay increase for the plaintiff. Plaintiff was dissatisfied with that assignment and pay increase, because it was in reality two step pay grades below that of Supervising Civil Engineer. Plaintiff claims that he objected to, and challenged the actions of the Department because he believed that in 1971 he had been effectively assigned to the position of Supervising Civil Engineer. Plaintiff claims that as a result of his challenge he was assured that in the near future he would be appointed to the grade of Supervising Civil Engineer, or to an even higher pay grade.
In 1977, the International Federation of Professional and Technical Engineers, Local 400, hereinafter called the Union
was certified as the collective bargaining agent for various employees within the Department of Transportation. The Department however contested the inclusion of the plaintiff's position in the collective bargaining unit because the Department claimed his position was a part of management. Plaintiff continued in his position and employment, but not as a member of the union. Thereafter in March 1980, plaintiff was transferred out of the Bridge Construction Unit, and into the Bridge Inspection Section as a supervisor, within that unit. In that new position, he no longer performed the work duties of a Supervising Civil Engineer. Accordingly, he lost the use of a State owned vehicle. In addition, certain restrictions were placed upon his work and heretofore unrestricted work schedule. For example, he was then required to sign in and out when leaving the Department. The transfer and restrictions apparently offended the plaintiff, and in 1981, in hope of obtaining assistance, he petitioned the Rhode Island State Labor Relations Board for a position determination with regard to his position being eligible for inclusion within the collective bargaining unit. While that petition was being considered, the plaintiff, in February, 1983, was transferred once again, this time to work as part of the construction management team at the Capital Center Project.
On January 11, 1985, the State Labor Board rendered its decision on the plaintiff's petition for position determination. It concluded that the plaintiff's position of Principal Civil Engineer was not part of management and hence, eligible for union membership and inclusion in the bargaining unit. On April 16, 1985, acting upon the plaintiff's grievance complaint, the Office of Labor Relations placed his name on the classification seniority list as of August 17, 1975 which was when the plaintiff had been promoted to the grade of Principal Civil Engineer in the Bridge Construction Unit of the Department of Transportation.
In April of 1986, plaintiff finally decided to file a grievance pursuant to the then existing union's collective bargaining agreement with the Department. In that grievance he alleged that he had been systematically and continually discriminated against by the Department of Transportation from the time when he was first assigned to perform the duties of the retired Supervising Civil Engineer, some fifteen years earlier in 1971. The Personnel Director of the Department of Transportation and later the Administrator of Adjudication for the Department of Administration declined to act upon the plaintiff's grievance and plaintiff then proceeded to initiate proceedings before the Personnel Appeal Board on September 3, 1986. Simultaneously, the plaintiff, as a member of the union, initiated grievance arbitration procedures as provided in the Collective Bargaining Agreement. Accordingly, the Personnel Appeal Board, at plaintiff's request, postponed any proceedings before it until the completion of the plaintiff's arbitration proceedings.
On November 30, 1988, the Arbitrator issued a decision. He concluded that the Department of Transportation had violated certain portions of the collective bargaining agreement by engaging in a pattern of disparate treatment against the plaintiff. The Arbitrator concluded however that he lacked jurisdiction over any contract infractions or grievances which occurred prior to January 11, 1985 when the plaintiff first became part of the collective bargaining unit within the Department of Transportation.
The Personnel Appeal Board, shortly after the Arbitrator's decision, resumed its consideration of the plaintiff's August 1986 appeal. It thereafter rendered a decision in which it concluded that the plaintiff's appeal to the Personnel Appeal Board had not been timely filed pursuant to § 36-4-41 and §36-4-42 R.I.G.L. 1956 as amended. In addition, the Personnel Appeal Board concluded that the issues raised in plaintiff's appeal had previously been part of, and included in his union-grievance arbitration proceeding and had been resolved in the Arbitrator's November 30, 1989 decision. As such, the Board found that plaintiff could not again relitigate those issues before it, and that his appeal was subject to dismissal pursuant to § 36-3-10 R.I.G.L. 1956, as amended.
On November 23, 1990, the Governor, as required by § 36-4-42R.I.G.L. was informed of, accepted, and thereby approved the decision of the Personnel Appeal Board, and notice thereof, was duly given to the plaintiff.
From that decision by the Personnel Appeal Board, this appeal was duly filed here in this Superior Court pursuant to §42-35-15 R.I.G.L.
II
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607 (1977);Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
THE PERSONNEL APPEAL BOARD DECISION
The Board's decision in this case is both succinct and precise. After reviewing the plaintiff's appeal allegations it concluded that all of his various alleged unfair labor practice grievances were time barred because of his late appeal to the Board. The record certified to this Court confirms that finding.See, § 36-4-41; § 36-4-42 R.I.G.L.
The transcript records of the hearings held before the Personnel Appeal Board on March 15, 1988 and March 20, 1989 clearly disclose that the plaintiff in his appeal to the Board was seeking redress for what he claimed to have been unlawful employment practices committed against him dating back to May 24, 1971 and extending up through February 1983, a period of some twelve years. The Board concluded that the plaintiff knew of all of his alleged claimed unfair labor practices no later than April 1986, when he then filed a grievance complaint against the Department of Transportation. Under the provisions of the then existing pertinent statutes, any appeal to the Personnel Appeal Board should have been filed within 10 days from the date of the alleged unfair labor practice. § 36-4-41; § 36-4-42 R.I.G.L.
(Those statutes now provide for a 30 day appeal period) Plaintiff's appeal, which is the subject matter of this case was not filed until August 15, 1986, some many months late, and he made claim therein for retroactive wage differential to May 24, 1971 when he claims to have been unfairly treated by the Department of Transportation.
The Board also noted that in addition to the plaintiff's appeal being time barred, it was also subject to dismissal by the Board pursuant to § 36-3-10 R.I.G.L. That statute provides that the Board may in its discretion dismiss an appeal which has already been the subject matter of an appeal, which would include arbitration of an issue, under the provisions of a collective bargaining agreement. The Board having apparently exercised its discretion in that regard, ancillary to its earlier dispositive finding, this Court should not substitute its judgment for that of the Board. § 42-35-15(G) R.I.G.L. See also, Guarino v.Department of Social Welfare, 122 R.I. 538 (1980); Cahoone v.Board of Review, 104 R.I. 503, 506 (1968).
As noted earlier, this Court has reviewed the record certified here by the Board and the findings made therefrom by the Board. The Board's findings have been made upon thesubstantial evidence in the record as required by §42-35-15(G)(5) R.I.G.L.; Caswell v. George Sherman Sand, etc.424 A.2d 646, 647 (1981).
This Court, in its review of the record certified here by the Board finds nothing therein which is in violation of any constitutional or statutory authority; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Board's procedure was lawful and that its decision is not affected by any error of law. This Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by the Board.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L. this Court must, and does, deny and dismiss the plaintiff-appellants' appeal.
The decision of the Personnel Appeal Board made on November 8, 1990 is affirmed.
Counsel will prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.