289 F.3d 644
 CARRINGTON ESTATE PLANNING SERVICES, a Nevada corporation individually and on behalf of Gerken Management Co., Inc. Money Purchase Plan, Plaintiff-Appellant, and
Weisman Family Trust; Adams Family Trust; Larry Jones; Paula Jones; Dale Montgomery; Pamela Montgomery; ED Sandala, Plaintiffs,
v.
RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, Defendant-Appellee.
 No. 00-17491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 14, 2002.
 Filed May 6, 2002.
 
 Richard M. Waugh, Phoenix, AZ, for the plaintiff-appellant.
 Joshua Bachrach, Rawle & Henderson, Philadelphia, Pennsylvania; Mark W. Flory and Angela Lui Walsh, Harrington, Foxx, Dubrow & Canter, San Diego, CA; and David W. Davis, Turley, Swan & Childers, Phoenix, AZ, for the defendant-appellee.
 Appeal from the United States District Court for the District of Arizona; Earl H. Carroll, District Judge, Presiding. D.C. No. CV-99-00616-EHC.
 Before REINHARDT, MAGILL,* and FISHER, Circuit Judges.
 OPINION
 FISHER, Circuit Judge.
 
 
 1
 Carrington Estate Planning Services ("Carrington") appeals the district court's summary adjudication of its claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a)(1)(B). The district court based its grant of summary judgment on the finding that, as a matter of law, the notice-prejudice rule applicable to insurance policies under Rhode Island and Arizona law does not apply to a notice of disability requirement for extension of benefits under a life insurance contract's waiver of premium provision. We hold that, because the insurance policy at issue is a contract of adhesion, the notice provision is part of the conditions requiring proof of claim filed within a certain time limit and enforcement of the provision would result in a technical forfeiture unrelated to the merits of the claim, the notice-prejudice rule under Arizona and Rhode Island law is applicable to the notice of disability requirement in the waiver of premium provision. We therefore reverse and remand for further proceedings.
 
 FACTUAL AND PROCEDURAL HISTORY
 
 2
 Pursuant to a "viatical agreement,"[1] Walter Zipoy assigned to Carrington the rights to receive benefits under an ERISA-regulated life insurance policy provided to the employees of Victoria Creations by Reliance Standard Life Insurance Company ("Reliance"). Soon after executing the viatical agreement with Carrington, Zipoy left work at Victoria Creations due to complications from the treatment of acquired immune deficiency syndrome ("AIDS"). He never returned to work in that or any other job and died from AIDS-related complications less than two years later. Victoria Creations continued to pay the premium on Zipoy's policy until after his death.
 
 
 3
 Upon Zipoy's death, Carrington submitted to Reliance a claim for the benefits due under the policy. Reliance rejected the claim because Zipoy was not an employee at the time of his death and neither he nor Carrington had submitted to Reliance notice of his total disability within one year of its onset as required for extension of benefits under the policy's Waiver of Premium in Event of Total Disability ("disability waiver") provision.[2]
 
 
 4
 Carrington brought this suit under 29 U.S.C. 1132(a)(1)(B), which provides: "a civil action may be brought — by a participant or beneficiary — to recover benefits due to him under the terms of his plan...." Carrington argues that, under the "notice-prejudice rule" applicable in Arizona and Rhode Island,[3] the late filing of proof of disability cannot allow Reliance to avoid liability absent a showing of prejudice. The district court granted summary judgment to Reliance, finding that the notice-prejudice rule did not apply to the policy's proof of disability provision. We review this issue of law de novo, see In re Cybernetic Servs., Inc., 252 F.3d 1039, 1045 (9th Cir.2001), and reverse.
 
 ANALYSIS
 
 5
 Under Rhode Island and Arizona law, an insurer may not "rely on any of the so-called `notice' provisions of its policy unless it ... demonstrate[s] that it ha[s] been prejudiced by the lack of notice." Siravo v. Great Am. Ins. Co., 122 R.I. 538, 410 A.2d 116, 117 (R.I.1980); accord Zuckerman v. Transamerica Ins. Co., 133 Ariz. 139, 650 P.2d 441, 445 (Ariz.1982) ("[I]n the absence of prejudice, policy conditions which require the giving of `notice of loss' or the filing of `proof of loss' within a specified time cannot be applied to work a forfeiture of the insured's claim."). The notice-prejudice rule recognizes that "[t]he primary and essential part of the contract [is] insurance coverage, not the procedure for determining liability," Donahue v. Associated Indem. Corp., 101 R.I. 741, 227 A.2d 187, 191 (R.I.1967); accord Zuckerman, 650 P.2d at 445 ("[I]t must not be forgotten that the primary function of insurance is to insure"), and that "the notice requirement serves to protect insurers from prejudice, ... not ... to shield them from their contractual obligations" through "a technical escape-hatch." Ins. Co. of Pennsylvania v. Associated Int'l Ins. Co., 922 F.2d 516, 523 (9th Cir.1991) (quoting Miller v. Marcantel, 221 So.2d 557, 559 (La.Ct.App.1969)); see also Zuckerman, 650 P.2d at 445 (explaining the purpose of the rule as "to prevent technical forfeitures such as would ensue from an unreasonable enforcement of a rule of procedure unrelated to the merits"). "Hence, it has been stated that when the late notice does not prejudice the insurer `the reason behind the notice condition in the policy is lacking, and it follows neither logic nor fairness to relieve the insurance company of its obligations under the policy in such a situation.'" Ins. Co. of Pennsylvania, 922 F.2d at 523 (quoting Trustees of the Univ. of Pennsylvania v. Lexington Ins. Co., 815 F.2d 890, 897-98 (3d Cir.1987)).
 
 
 6
 In both Arizona and Rhode Island, courts have applied the notice-prejudice rule broadly when (a) the insurance policy is a contract of adhesion, Zuckerman, 650 P.2d at 446; Siravo, 410 A.2d at 118, (b) "the clause in question forms part of the policy `conditions' which require that notice of loss and proof of claims be filed within certain time periods," Zuckerman, 650 P.2d at 445; accord Globe Indem. v. Blomfield, 115 Ariz. 5, 562 P.2d 1372, 1374 (Ariz.Ct.App.1977) ("An insurer cannot withdraw coverage on the ground that a condition such as notice has not been met unless the insurer can show that it was prejudiced by the act of the insured."), and (c) enforcement of the provision would result in a "technical forfeiture," Zuckerman, 650 P.2d at 445, or "technical breach," Siravo, 410 A.2d at 121, unrelated to the merits of the claim. Applying these factors to the case at hand, we conclude that the district court erred in finding that the notice-prejudice rule under Arizona and Rhode Island law has no application to the notice of disability requirement for the disability waiver.
 
 
 7
 There is no dispute that the policy is a contract of adhesion drafted entirely by Reliance.[4] The "proof of Total Disability" requirement is similar in form and function to the kinds of "proof of claim" and "proof of loss" provisions to which the notice-prejudice rule is regularly applied. See Id. at 117; Zuckerman, 650 P.2d at 445; cf. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir.), cert. denied, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999) (explaining that the phrase "satisfactory written proof" may be considered "a variant of the very old phrase `satisfactory proof of loss'"). For the purposes of summary judgment, viewing the facts in the light most favorable to Carrington, we assume that Zipoy became totally disabled while he was insured and therefore would have been entitled to an extension of coverage until the time of his death had he (or Carrington) given Reliance notice of Zipoy's disability within one year from the date it began.[5] Thus, enforcement of the requirement that notice of disability be received within one year from the date it began would result in a technical forfeiture of the policy's benefits unrelated to the merits of Carrington's claim that the policy qualified for extension under the disability waiver. See J.C. Penney Life Ins. Co. v. Warren, 268 Ark. 1132, 599 S.W.2d 415, 417 (Ark.1980) (explaining that under a disability waiver provision, "[i]t is the existence of disability that fixes liability and not the proof thereof").
 
 
 8
 Reliance has not cited, and we have not found, any case in Arizona, Rhode Island or elsewhere refusing to apply the notice-prejudice rule to a disability waiver in a life insurance policy. If late notice of Zipoy's disability did not prejudice Reliance in its ability to investigate the basis of Carrington's claim that the substantive requirements of the disability waiver were met, the reason behind the notice provision is lacking and it follows neither logic nor fairness to relieve Reliance of its obligations under the policy. See Kampf v. Franklin Life Ins. Co. of Springfield, Ill., 69 N.J.Super. 299, 174 A.2d 260, 265 (N.J. Ch.1961) (holding insurer liable where "sufficient opportunity to investigate the claim of disability so as to protect itself against fraud has not been shown to be prejudiced" by late notice of disability under disability waiver provision); J.C. Penney, 599 S.W.2d at 417 (same). We therefore hold that Reliance cannot deny benefits under the policy based on its late receipt of notice of Zipoy's disability unless it shows that it was prejudiced. See Avco Corp. v. Aetna Cas. & Sur. Co., 679 A.2d 323, 329 (R.I.1996) ("[I]t is the insurance carrier's burden to show that it was prejudiced by the insured's late notice before it can declare a forfeiture of the bargained for protection") (internal quotation marks and citation omitted); see also Lindus v. Northern Ins. Co. of New York, 103 Ariz. 160, 438 P.2d 311, 316 (Ariz. 1968) (same).
 
 
 9
 Whether Reliance was prejudiced by the late filing of proof of disability under the policy is a genuine issue of material fact disputed between the parties. See Ward v. Mgmt. Analysis Co. Employee Disability Benefit Plan, 135 F.3d 1276, 1280 (9th Cir.1998), aff'd in part, rev'd in part, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). We therefore reverse the summary adjudication against Carrington and remand for further proceedings.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 In a viatical agreement, the insured sells the rights to receive benefits under a life insurance policy to an investor for an immediate payment based on the face value of the policy discounted by the life expectancy of the insuredSee Gander v. Livoti, 250 F.3d 606, 608 n. 2 (8th Cir.2001). Carrington paid Zipoy $81,000 for the right to receive the policy's $96,000 death benefit.
 
 
 [2]
 In general, the policy covers only "active, full-time employee[s]," "actually performing [work] on a full-time basis." The disability waiver states:
 We will extend the amount of insurance during a period of Total Disability ... if: (1) an insured becomes totally disabled prior to age 60;
 (2) the Total Disability begins while he/she is insured;
 (3) the Total Disability begins while this policy is in force;
 (4) the Premium continues to be paid; and
 (5) we receive proof of Total Disability within one year from the date it began.
 
 
 [3]
 Reliance does not dispute that Arizona law applies, although the contract contains a choice of law provision stating that "[t]he policy is delivered in Rhode Island, and is governed by its laws." The district court did not decide whether Arizona or Rhode Island law governs. Because the two states endorse substantially equivalent notice-prejudice rules applicable to insurance contracts, we do not decide the question here
 
 
 [4]
 This is not altered by the fact that Carrington may be considered a sophisticated party. Carrington was not party to the drafting of the conractCf. Ins. Co. of Pennsylvania, 922 F.2d at 523 (holding "that the rationale underlying the notice-prejudice rule in contracts of direct insurance is equally applicable in the context of reinsurance contracts").
 
 
 [5]
 Carrington has set forth sufficient facts from which a jury could conclude that Zipoy became disabled while he was a full-time employee. There is no dispute that he became disabled prior to age 60 and that the premiums were paid by Victoria Creations until after Zipoy's death