JERALD W. McDONALD *et al.*, Plaintiffs-Appellants, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—93—0030

Opinion filed October 8, 1993.

Gerald L. Hall, of Pekin, for appellants.

Westervelt, Johnson, Nicoll & Keller, of Peoria (L. Lee Smith, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

On March 27, 1991, the plaintiffs, Jerald W. McDonald and Jerri Lynn McDonald, suffered storm damage to their home. On April 27, 1993, the plaintiffs filed this lawsuit against the defendant, American Family Mutual Insurance Co., to recover the difference between the amount the insurance company paid for the loss under a homeowner's insurance policy and the amount the plaintiffs claimed. The trial court granted the defendant's motion to dismiss, finding that the lawsuit

was not filed within the policy's limitations period for filing suit. The plaintiffs appeal. We reverse.

The record reveals that in August 1990, the plaintiffs purchased a homeowner's insurance policy from the defendant. On March 27, 1991, the plaintiffs suffered a covered loss under the policy as a result of a bad storm. On April 5, 1991, the plaintiffs submitted to the defendant a local contractor's estimate of the damage at $9,582.50. On May 3, 1991, the defendant's property claim specialist sent the plaintiffs a letter stating that he was requesting another estimate of the damage and that he would then review and assess the loss. On May 13, 1991, the plaintiffs submitted a second estimate from an architect indicating that the entire roof would have to be replaced, and on June 3, 1991, they submitted a third estimate from a construction company indicating that it would cost $8,293 to repair the damage.

On September 6, 1991, the defendant's property loss manager sent the plaintiffs a letter offering to settle the claim for $2,407. On October 10, 1991, the defendant's claim representative sent the plaintiffs a check for that amount and stated that the check was in payment for the replacement cost damages to the home based on its evaluation and that the file was "being closed."

On November 14, 1991, the defendant's property loss manager sent the plaintiffs another letter requesting that the plaintiffs submit a sworn, signed proof of loss form and suggesting that they review page 7, paragraph 3(e) of the policy. The actual form sent on that date was entitled, "PROPERTY STATEMENT OF CLAIM." The plaintiffs completed the form and sent it to the defendant on November 19, 1991. On December 12, 1991, the defendant sent the plaintiffs a letter denying the plaintiffs' claim for any additional compensation. In that letter, the defendant also stated that under the terms of the policy the plaintiffs had until April 15, 1992, to file suit.

Thereafter, the plaintiffs waited until April 27, 1992, to file this suit alleging that they were entitled to recover $6,745.10. The defendant filed a motion to dismiss the complaint, alleging that it was not timely filed under the limitations provision of the insurance policy. The trial court granted the defendant's motion to dismiss. Thereafter, the trial court denied the plaintiffs' motion to reconsider and the plaintiffs appealed.

On appeal, the plaintiffs claim that they timely filed their lawsuit within the limitations provision of the policy. That provision provides:

> "We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs. However, this one year period

is extended by the number of days between the date the proof of loss is submitted and the date the claim is denied in whole or in part."

Paragraph 3(e) of the policy states the following with regard to proof of loss:

"What You Must Do in Case of Loss *** submit to us, within 60 days *after we request*, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief: (1) the date, time, location and cause of loss; (2) the interest you and others have in the property ***; (3) the actual cash value *** of each item damaged or destroyed; (4) other insurance that may cover the loss; (5) changes in title, use, occupancy or possession of the property period; (6) the plans and specifications of any damaged *** structure we may request; (7) detailed estimates for repair of the damage; (8) receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records pertaining to any loss of rental income; and (9) evidence supporting a claim under the Credit Card, Fund Transfer Card, Forgery and Counterfeit Money protection. This should state the cause and amount of loss."

The plaintiffs argue that the defendant never requested proof of loss before denying the claim and thus the plaintiffs were only required to submit a good-faith proof of loss and that its submission of the various estimates was a proof of loss sufficient to toll the one-year limitations period set forth in the policy. The plaintiffs contend that good-faith proof is sufficient to apprise the insurer of the character and extent of the loss where no particular form is required by the policy.

In response, the defendant argues that the policy plainly provided for a proof of loss and that the plaintiffs did not submit the required proof of loss until November 19, 1991. Therefore, the defendant argues, the limitations period was only tolled from the date the proof of loss was submitted through December 12, 1991, the date the claim was finally denied, a period of 23 days.

We note that the provision in an insurance policy requiring proof of loss is intended to give the insurer the opportunity to investigate the claim, with the view towards securing information as to any possible defense. (*Second New Haven Bank v. Kobrite, Inc.* (1980), 86 Ill. App. 3d 832, 408 N.E.2d 369.) Nonetheless, where one has in good faith furnished proof sufficient to apprise the insurer of the character and extent of the claim, and no particular forms are required by the policy or by statute, such person shall not be barred because of the

nature or manner in which the proof was submitted and the insurer had due notice thereof. *Wiacek v. Hospital Service Corp.* (1973), 15 Ill. App. 3d 698, 304 N.E.2d 727.

In the instant case, we find that the defendant insurer denied the plaintiffs' claim on October 10, 1991, when it sent the plaintiffs a check for $2,407 and indicated that the file would be closed. Thus, the defendant never did request a proof of loss under the policy before the time the claim was denied. While the policy provided for a possibility of a proof of loss if requested, it was not requested before the claim was denied, and therefore we find that the limitations period could be tolled by the plaintiffs' submission of a good-faith proof of loss. In that regard, we find that the plaintiffs' submission of the second estimate on May 3, 1991, was a good-faith submission of proof of loss. That estimate, along with the other two estimates submitted by the plaintiffs, adequately apprised the insurer of the nature and amount of the claim and afforded the insurer sufficient notice to investigate any possible defense. Additionally, we note that the "proof of loss form" sent by the defendant after it paid the claim and closed the file was significantly different from the form described in the policy. Under the circumstances, we find that the limitations provision of the policy was tolled for 138 days from May 3, 1991, through October 10, 1991, and therefore, the plaintiffs' claim was timely filed.

Accordingly, the judgment of the circuit court of Tazewell County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and SLATER, JJ., concur.