**Kenneth L. MOGCK, an individual, Plaintiff–Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine corporation; Group Long Term Disability Insurance Policy, non participating, an employee welfare benefits plan under ERISA, Defendants–Appellees.**

No. 00–56797.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 6, 2001.

Submitted Jan. 14, 2002.

Filed June 10, 2002.

Thomas M. Monson and Susan L. Horner, Miller, Monson, Peshel, Polacek & Hoshaw, San Diego, CA, for the plaintiff-appellant.

Edwin A. Oster, Barger & Wolen, LLP, Irvine, CA, for the defendants-appellees.

Before LEAVY, T.G. NELSON and W. FLETCHER, Circuit Judges.

## OPINION

LEAVY, Circuit Judge.

The question presented in this case is whether the contractual time limitation has expired on an insured's action against his insurer for disability benefits. The long-term disability policy at issue is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. We conclude that the insurer, in its correspondence to the insured, did not utilize language from its own policy which would inform the insured that the contractual time limitation for legal proceedings would begin to run. Therefore, we reverse the judgment of the district court and remand for further proceedings.

## BACKGROUND

### A. *The Claimant*

Kenneth Mogck ("Mogck") was injured in a car accident on March 25, 1993. In October 1993, Mogck submitted a claim for long-term disability benefits under his employer's policy underwritten by Unum Life Insurance Company of America ("Unum"). Under the policy terms, a qualified claimant is provided approximately 66 percent of his basic monthly earnings, following a 91 day elimination period. Unum began

paying disability benefits to Mogck effective June 25, 1993.

## B. *The Insurance Policy*

The policy defines "disability" during the first two years of a claim as the insured's inability to perform each of the material duties of the participant's regular occupation, and thereafter as the insured's inability to perform each of the material duties of "any gainful occupation for which he is reasonably fitted by training, education, or experience."

The policy's time limitation on legal proceedings is set forth in a section entitled "Legal Proceedings." The policy provides: "A claimant or the claimant's representative cannot start any legal action: (1) until 60 days after proof of claim has been given; nor (2) more than 3 years after the time proof of claim is required."

In a section entitled "Notice and Proof of Claim," the policy provides that "[p]roof of continued disability and regular attendance of a physician must be given to the Company within 30 days of the request for the proof."

## C. *The Correspondence*

By letter dated February 3, 1995, Unum wrote to Mogck to remind him of the policy definition of disability applicable after two years. Unum advised Mogck that "based on information we have, we find that you will not be disabled from any occupation and you will therefore not be eligible for benefits beyond June 25, 1995."

By letter dated June 1, 1995, Unum informed Mogck that "we are unable to extend benefits past June 25, 1995." The letter reviewed the policy definitions of disability, cited the doctors' reports in its possession, and stated,"[y]ou no longer meet the above definition of disability, we must deny any further liability on your claim." The letter then informed Mogck that "[i]f you have new additional informa-

tion to support your request for disability benefits, please send it to my attention at the above address," and "[i]f you do not agree with our decision, you may have it reviewed. Should you desire a review, you must send a written request, within 60 days of your receipt of this notice" [to a given address].

By letter dated July 8, 1995, Mogck requested "a review of the decision to deny me further benefits at this time," requested copies of his medical records in Unum's file, and stated that he would send additional medical records. By letter dated August 3, 1995, Mogck enclosed additional medical records.

By letter dated September 29, 1995, Unum informed Mogck that it had reviewed the medical information recently provided and concluded that, "[w]hile it does support the fact that you have various medical conditions, none of those conditions support medical restrictions that would impair your ability to perform any gainful occupation." The letter stated that Unum's prior decision to terminate benefits as of June 25, 1995, would be upheld.

## D. *The Legal Proceedings*

Mogck filed this action under ERISA, 29 U.S.C. § 1132(a), on February 5, 1999. Unum moved for summary judgment on the grounds that the action was untimely. The district court determined that Mogck's ERISA action was filed within the four-year statute of limitations for ERISA claims in California, but was contractually barred by the three-year time limitation in the policy. Judgment was entered and Mogck timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## ANALYSIS

A. *The ERISA Four Year Statute of Limitations*

In *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222

F.3d 643 (9th Cir.2000) (en banc), we held that "California's [four-year] statute of limitations for suits on written contracts . . . provides the applicable statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California." *Id.* at 648. We also held that "under federal law, an ERISA cause of action accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Id.* at 649 (citations omitted).

In the present case, the district court did not decide, and we need not decide, whether Unum's June 1, 1995, letter or the September 29, 1995, letter to Mogck constituted the accrual point for Mogck's ERISA cause of action, because, in either event, Mogck's action, filed on February 5, 1999, was filed within the applicable four-year ERISA statute of limitations.

B. *The Contractual Three Year Limitation*

The policy provides that a legal action cannot be started "(1) until 60 days after proof of claim has been given; nor (2) more than three years after the time *proof of claim* is required" (emphasis added). In the policy section entitled "Notice and Proof of Claim," the policy provides that "[p]roof of continued disability and regular attendance of a physician must be given to the Company within 30 days of the *request for the proof*" (emphasis added). It is undisputed that Mogck is seeking continued disability benefits, not initial disability benefits. Therefore, in order to determine *when* the contractual limitation period began, we must first determine *when* Unum asked Mogck for a "request for the proof," or a "proof of claim."

The district court determined that Unum's June 1, 1995, letter constituted an adequate "request for proof." We disagree. The June 1, 1995, letter (and the September 29, 1995, letter) informed Mogck of Unum's decision to discontinue the disability payments past June 25, 1995. However, nowhere in either letter are the terms "proof," "request for the proof," or "proof of claim" utilized. Without an adequate request for the proof of claim, Unum never took the steps necessary to trigger the running of the contractual time limitation under the policy.[1]

The insurance policy at issue was drafted entirely by Unum and is therefore a contract of adhesion. *See Carrington Estate Planning Servs. v. Reliance Standard Life Ins. Co.,* 289 F.3d 644, 647 (9th

---

1. We note that, subsequent to the filing of this action, California Administrative Code, Title 10 § 2695.7 was amended, effective May 10, 1997, adding the following subsection, which provides in relevant part:

   (f) Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a timely claim. . . . This subsection shall not apply to a claimant represented by counsel on the claim matter.

   Failure to give notice pursuant to California's insurance code regulations may estop an insurer from asserting a statute of limitations defense. *See Spray, Gould & Bowers v. Associated Int'l. Ins. Co.,* 71 Cal.App.4th 1260, 1267, 1270–71, 84 Cal.Rptr.2d 552 (Cal.Ct. App.1999) (the requirement of 10 Cal. Admin. Code § 2695.4(a) that "[e]very insurer shall disclose to a first party claimant . . . all time limits . . . of any insurance policy issued by that insurer that may apply to the claim presented by the claimant" creates a duty to speak, and an estoppel may arise from the insurer's silence).

   We need not decide whether the amended California regulations clarified an existing duty of the insurer to provide notice of a contractual statute of limitation, or whether a new duty to provide written notice was created, because, in any event, Unum's correspondence was ineffective to trigger the policy's time limitation provision.

Cir.2002); *National Farmers Union Prop. and Cas. Co. v. Colbrese,* 368 F.2d 405, 410–11 (9th Cir.1966) ("A fundamental principle of insurance law is that a policy is to be construed liberally in favor of the insured and strictly against the insurer, who normally is responsible for the language it contains."). When an insurer drafts particular policy terms and procedures relating to the insured's right to commence a legal action, the insurer must utilize those basic terms and procedures in order for the policy provision to be triggered. *See McDonald v. American Family Mut. Ins. Co.,* 251 Ill.App.3d 354, 190 Ill.Dec. 653, 622 N.E.2d 63, 65 (1993) (insurer never adequately requested a proof of loss before denying claim; therefore, the policy's limitation period could be tolled by the plaintiff's submission of additional information). The, *McDonald* court also noted that the "proof of loss form" sent by the insurer was significantly different from the form described in the policy, further supporting the tolling of the policy's statute of limitations.

In conclusion, because Unum drafted certain terms regarding the time limits on legal actions, but did not utilize those terms at all in its correspondence with Mogck, the policy's time limitation provision was never rendered operative. Mogck's action filed on February 9, 1999, therefore was not time-barred. The judgment of the district court is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.